Charles Brown, Plaintiff, v. The New York Central and Hudson River Railroad Company, Defendant.—Motion denied.

Robert A. Crittenden and Myron D. Palmer, Respondents, v William H. Liddle, Appellant.—Order affirmed, with ten dollars costs and disbursements. Ward, J., not sitting.

Mary B. Cone, Plaintiff, v. William T. O'Conor and Others, Defendants. — Motion denied, with costs.

Sarah M. Elliott, Respondent, v. Rochester Railway Company, Appellant.— Judgment and order affirmed, with costs.

Eleanor Emmett, Plaintiff, v. Charles W. Van Cleef and William L. Sweet, Defendants.— Motion denied, with costs.

John C. Hurley, Respondent, v. Erie County Natural Gas Fuel Company, Limited, Appellant.—Judgment affirmed, with costs.

Hampden Hyde, Respondent, v. William M. Pennington and Daniel F. Deming, Appellants. — Judgment affirmed, with costs against the appellants personally.

William Kiernan, as Executor, etc., and Another, Appellants, v. The Agricultural Insurance Company, Respondent.—Motion for a re-argument denied. (See *Cuykendall v. Douglass,* 17 Wkly. Dig. 315; *Fosdick v. Town of Hempstead,* 126 N. Y. 651) Motion for leave to appeal to the Court of Appeals denied on the ground that the case does not involve a question of law which ought to be reviewed by that court. (See *Singleton v. Home Insurance Company,* 121 N. Y. 644; § 191, Code Civ. Proc., subd. 1.)

Lucy Ludlow, Respondent, v. Herman J. Westwood, Appellant.— Judgment affirmed, with costs.

Ellen Mulqueen, as Administratrix, etc., of Agnes B. Mulqueen, Deceased, Appellant, v.

Rochester Railway Company, Respondent. — Judgment affirmed, with costs.

Angela E. Moosbrugger, Appellant, v. Alzada Parker, Respondent, Impleaded, etc. ; Same, Appellant. v. Amos P. Wortman, Respondent ; Same, Appellant, v. Alonzo Houck, Respondent ; Same, Appellant, v. David E. Hoover. Respondent.— Order affirmed, with ten dollars costs and disbursements in each of the four actions.

Hugh McGraw, Plaintiff, v. The Village of Seneca Falls, Defendant.—Motion denied, with costs. (See *Cross v. City of Elmira,* 86 Hun, 471.) Adams, J.. not sitting.

Oscar C. Newton, Appellant, v George N. Pierce and Others, Respondents.— Judgment and order affirmed, with costs.

National Harrow Company, Respondent, v. E. Bement & Sons, Appellant. — Ordered, that the decision of this case be suspended. *Second.* That the case be sent back to the referee to resettle and attach a certificate that the case as resettled contains all the evidence given and the proceedings had before him upon the hearing. *Third.* The foregoing relief is granted upon condition that the appellant shall pay to the respondent the costs and disbursements of argument already had, ten dollars costs of opposing this motion, and shall stipulate to and shall pay to the referee the fees for resettlement of the case, and shall reprint the case, and in reprinting the case the pleadings shall be printed as they are amended. And the case as thus amended shall be filed with the clerk of this court and the cause may be reargued under the usual rules and practice. *Fourth.* In the event of a failure to comply with the conditions already mentioned, the motion is denied, with ten dollars costs.

Oswego County, Respondent, v. Willis G. Babcock, Appellant.—

Oswego County Respondent, v. Willis G. Babcock, Appellant.— Order in each case affirmed, without costs of the appeal to either party.

The People of the State of New York, Respondent. v. John Yerkey, Appellant.— Judgment and order affirmed and proceedings remitted.

Alonzo C. Pickard, Appellant, v. Adam V. Pickard, Respondent.— Order affirmed, with ten dollars costs and disbursements.

Helen H. Sunderlin, Plaintiff, v. Alfred N. Hollister and Henry D. Noble, Defendants.— Motion denied, with ten dollars costs. Adams, J., not sitting.

Thomas H. Welch, Respondent, v. George A. Green and Another, as Administrators of the Estate of Alfred Cheney, Deceased, Appellants.— Judgment affirmed, with costs.

Mary Walsh, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant. — Judgment and order affirmed, with costs.

---

# THIRD DEPARTMENT, JULY TERM, 1896.

John L. Bacon, Respondent, v. Edward M. Lowman and Others as Executors, etc., of Jacob Lowman, Deceased, Appellants, Impleaded with Others.— Judgment and order affirmed, with costs.—

Landon, J.: Appeal from a judgment of foreclosure and sale and from an intermediate order allowing defendants to answer. This order recites that it was made " by consent of counsel " *after* the case had been moved for trial. It further appears that when the motion was made the defendants had not the right to answer as a matter of course.

The evidence supports the findings. The objection of the executors to the testi-

mony of Stanchfield was in violation of the stipulation recited in the order of the Special Term which permitted the defendants to answer. This order recites that it was made upon consent of counsel and upon stipulation that objection under section 829 of the Code of Civil Procedure should not be taken. The notice of appeal seeks to bring this order and its recitals before us for review; but we do not review orders granted upon consent. The appealing party should have either opposed the motion for the order or made some motion to resettle, vacate, modify or correct it, and, if unsuccessful, there would probably be an order that we could review. The other ob-

jections do not strike us as of force. The judgment should be affirmed, with costs. All concurred, except Parker, P. J , not sitting.

Charles W. Little, Respondent, v. Albert V. Benson and Others, as Water Commissioners of the City of Albany, Appellants.— Order reversed, with costs and disbursements, and m otion for injunction denied, with costs.—
PUTNAM, J.: Order reve₄sed, with costs and disbursements, for reasons stated in the opinion in the case of *Richard W. Brass et al.* v. *Albert Rathbone et al., The Board of Water Commissioners of the City of Albany,* decided at the present term. (See *ante*, p. 78.) All concurred, except Herrick J., not sitting.

Jacob Kratzer, Appellant, v. The Village of Saratoga Springs, Respondent.— Judgment reversed and a new trial granted, costs to abide the event.—
MERWIN, J.: Appeal from a judgment entered in Saratoga county dismissing the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

I am inclined to the opinion that in the complaint, disregarding the allegations of negligence, a cause of action in the nature of a trespass is stated, and that the plaintiff should have been permitted to give his evidence on that subject. The acts of the defendant are charged as wrongful. There was alleged a physical invasion of plaintiff's premises. The case of *Hay* v. *The Cohoev Co.* (2 N. Y. 159) is recognized as good authority in *St. Peter* v. *Denison* (58 id. 416, 421); *Benner* v. *A D. Co.* (134 id. 156, 162); *Booth* v. *R., W. & O. T. R. R. Co.* (140 id. 267, 278). I, therefore, advise a reversal. Parker, P. J., and Landon, JJ., concurred; Herrick and Putnam, JJ., dissented

HERRICK, J. (dissenting): The complaint in form is one for negligence, but the plaintiff asserts that the allegations of negligence are unnecessary and harmless, and without them the facts set forth constitute an action for trespass upon real estate, and that, therefore, it is unnecessary for him to allege the facts required by section 82 of chapter 289 of the Laws of 1890. As a general rule a party coming into court and asserting one cause of action cannot recover upon another and different one. (*Re-d* v. *McConnell,* 133 N. Y. 425-434.) But assuming that in the furtherance of justice a complaint may be stripped of some of the allegations which render it a complaint in one form of action, and thereby leave it a sufficient complaint under another form of action, I doubt even then whether this plaintiff can sustain his complaint. It may be that under the cases of *Hay* v. *Cohoes Company* (2 N. Y. 159) and *Tremain* v. *Cohoes Company* (id. 163), the plaintiff is entitled to recover upon merely showing that quarrying has been carried on by means of blasting, and thereby stones have been thrown upon his premises, although I think the later cases of *Booth* v. *R., W. & O. T. R. R. Co.* (140 N. Y. 267), and *French* v. *Vix* (143 id. 90), cast some doubt upon that question. But in this case we cannot assume from the complaint such a state of facts as warranted a recovery in the cases of *Hay* and *Tremain*. While we may disregard the allegations of carelessness and negligence in the complaint in so far as they are supposed to render the action one for negligence, yet the language still remains to characterize the transactions complained of. Quarrying *per se*, is not a nuisance. In the complaint it is charged that gunpowder, dynamite and other explosives of a high character were employed by the defendant, its officers, agents and servants, in a careless and negligent manner, and that they carelessly and negligently blasted the rock on the premises occupied by said village, so that we may infer from the language of the complaint that the injuries would not have happened if the explosives had not been carelessly and negligently used, or the blasting carelessly and negligently done, rather than that the injuries would have been r sulted from the quarrying from the nature of the business itself. And again, it is alleged in the complaint that the dwelling and property of the plaintiff has been injured and rendered less valuable in consequence of the wrongful and negligent acts of the defendant, its officers, agents and servants. Whether we consider the action as one of negligence, of nuisance or of trespass to real estate, the fact remains that the plaintiff alleges that the injuries complained of have been caused by the negligence of the defendant, its officers, agents and servants. The section of the law referred to does not require the notice to be given merely in an action of negligence, but where the injury done to person or property is "Alleged to have been sustained by reason of the negligence of the village or of any officer, agent or employee." (§ 82, chap. 289, Laws of 1890.) The plaintiff in his complaint alleges that the injuries were sustained by reason of the negligence of the village, its officers, agents and servants, so that he is brought distinctly within the provision of the law requiring notice.—Judgment should, therefore, be affirmed, with costs. Putnam, J., concurred.

Daniel Lynch and Henry C. Roblee, Appellants, v. William Sanders, Respondent; William Moore, Appellant, v. Taylor J. Eldridge, Respondent.—
In *Lynch* v. *Sanders* judgment reversed and a new trial granted, costs to abide the event.

In *Moore* v. *Eldridge* judgment reversed as to that portion thereof relating to the east half of lot 57, and a new trial granted, and as to the west half affirmed, without costs of the appeal; all other costs to abide the event.—
LANDON, J.: The controversy in each case is over a garnet mine. In the first case, if the mine is situate upon lot 59, Totten and Crossfield's purchase, township 14, Pond's survey, made in 1802, then the right to work the mine is in the plaintiffs under a license from the State; if, however, the mine is not upon lot 59, then it is upon lot 62, owned by the defendant, and holding title as the lot is described by said Pond's survey. These lots adjoin each other, and the problem is to locate the boundary between them according to Pond's survey. In the second case, if the mine is upon the east half of lot 57 in the same township according to Pond's survey, then the plaintiff has the right to work it; if not upon the east half of 57, it is on the west half of the lot, and the defendant has the right to work it, unless, for reasons hereafter to be considered, the plaintiff has the right to the garnet on the west half of the lot. The determination of the westerly boundary of 57 will aid in fixing the boundary between the easterly and westerly halves of the lot, and the westerly boundary of 57, prolonged northerly, will give the boundary between lots 59 and 62. The two cases were tried together, and may now be considered together. The exterior lines of the 14th township of Totten and Crossfield's patent were originally surveyed and indicated by marked trees in 1772 by Israel Thompson, and he plotted upon a map the the interior lots, 144 in all, some of which he surveyed. In 1802, John Ireland, having acquired title to the north half and the southeast quarter of the township, caused his three-quarters of the township to be surveyed by Benjamin Pond and subdivided into lots. The northerly central part of the township is rocky and mountainous, and